IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**KATHRYN L. KERSHNER,**

    **Plaintiff,**

v.                                                                                          Civil Action No. 3:04CV10
                                                                                        (BROADWATER)

**GALE A. NORTON, Secretary,**
United States Department of the
Interior,

    **Defendant.**

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On this day the above styled matter came before the Court for consideration of Defendant's motion for summary judgment. For the reasons set forth below, the motion is GRANTED.

### I. Factual and Procedural Background

Kathryn L. Kershner, (Plaintiff) was hired as a Social Service Assistant by the National Park Service, a Bureau of the United States Department of the Interior, at the Harpers Ferry Job Corps on March 30, 1993. Plaintiff was assigned to work as a supervisor in a dormitory at the Job Corps. At some point during her employment, Plaintiff, who previously had been diagnosed with depression, was assigned to work the midnight shift. During this time frame, Plaintiff alleges that she began to suffer greater symptoms of depression.

After working the midnight shift for approximately two years, Plaintiff advised that she was no longer able to work the midnight shift because it interfered with her ability to sleep and her treating physician recently prescribed Prozac which caused her trouble with her sleep. On July 10, 1996, Plaintiff's physician wrote a letter stating that Plaintiff should not work the midnight shift

because it interfered with her illness. In early September 1996, Plaintiff wrote her supervisor requesting that she be moved to day shift because she was not getting adequate sleep as a result of working the midnight shift. On August 5, 1997, Plaintiff's physician wrote another letter advising that Plaintiff had been in treatment for over two years for persistent depression and he advised Plaintiff not to return to a dormitory assignment because it aggravated her illness. After a short stint working in the education department, Plaintiff returned to the midnight shift in the dormitories on October 12, 1997. On December 2, 1997, Plaintiff's treating physician wrote a note indicating that Plaintiff was receiving treatment for depression and would be unable to work the month of December. On December 5, 1997, the Center Director wrote the Manager of the Youth Program Division stating that Plaintiff had submitted a Doctor's excuse for the month of December and recommended that Plaintiff be scheduled for fitness for duty physical to include a psychiatric evaluation of her fitness to work in this environment. From this point on, Plaintiff has not returned to work.

Plaintiff filed a Workers Compensation Claim with the Department of Labor which was rejected on May 20, 1998. On March 6, 1998, Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC). On May 28, 1999, Defendant issued a Final Agency Decision (FAD) rejecting Plaintiff's complaint alleging discrimination. Plaintiff appealed the agency decision, and on February 15, 2002, the EEOC affirmed the FAD and rejected Plaintiff's complaint.

Plaintiff filed the instant action on September 25, 2002 in the District Court for the District of Columbia against Defendant alleging causes of action of discrimination and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796 (1999). On May 2, 2003, the

District Court for the District of Columbia granted Defendant's motion to transfer the case to the United States District Court for the Northern District of West Virginia. After denying a motion to reconsider, the case was transferred and the file was received by this court on February 13, 2004. Soon after the complaint was received by this Court, Plaintiff's counsel filed a motion to withdraw which was granted on March 22, 2004. Plaintiff has proceeded *pro se* since that date.

After discovery, Defendant filed the instant motion on March 2, 2005 arguing that: (1) Plaintiff cannot establish that she has a disability within the meaning of the Act; (2) even if Plaintiff can establish she was a qualified individual, she cannot establish that her requested accommodation was reasonable; (3) even if Plaintiff can establish that she is disabled, she cannot establish that she can perform the essential functions of the position, with or without reasonable accommodation; and (4) Plaintiff cannot establish a claim for retaliation as there is no adverse employment action set forth that resulted from the alleged retaliation. Plaintiff filed a response on March 14, 2005. Defendant filed a reply on March 22, 2005. On April 6, 2005, Plaintiff filed a response to Defendant's reply. The Court has considered the pleadings, the applicable law on point, and the argument of counsel and Plaintiff at the pretrial conference; thus, the issue is ripe for decision.

## II. Applicable Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold

inquiry of determining whether there is the need for a trial-- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

## III. Discussion

A.   Disability Discrimination

The issue presented is whether as a matter of law Defendant is disabled within the meaning of the Rehabilitation Act (RA) and if so, whether there is a genuine issue of material fact that she was discriminated against as a result of the alleged disability. "Before addressing whether an employer's actions qualify as discrimination, a party must first demonstrate that he or she is an individual with a disability under the RA." Hooven-Lewis v. Caldera, 249 F.3d 259, 269 (4th Cir. 2001). "An 'individual with a disability,' or handicap, is defined as one who: (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." Id. (citing 29 U.S.C. § 705(20)(B); 29 C.F.R. § 1614.203(a)(1)). "To qualify under the RA as a protected disability that substantially limits a major life activity, the impairment must limit functions 'such

as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Id. (quoting 29 C.F.R. § 1614.203(a)(3)). "Substantially limits means, inter alia, '[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.'" Rhoads v. FDIC, 257 F.3d 373 387 (4th Cir. 2001) (quoting 29 C.F.R. §1630.2(j)(1)(ii)). "Whether [a plaintiff] meets the [disability] definition of the statute, and therefore can bring a claim under the statute, is a question of law for a court, not a question of fact for a jury." Hooven-Lewis, 249 F.3d at 268.

After reviewing the evidence adduced, the Court concludes that Plaintiff cannot meet the threshold requirement that she is disabled within the meaning of the act. Plaintiff asserts that the major life function to which she is substantially limited is sleeping. However, the evidence reveals that Plaintiff's treating psychiatrist refers to sleep related problems in a July 10, 1996 letter. (Def's. Ex. 7.) The only other evidence in the record which mentions sleep related problems are correspondence from Plaintiff herself describing her difficulties sleeping. (Def's. Ex's. 5 & 6.) On this record, the Court concludes that as a matter of law the evidence is not sufficient to support Plaintiff's contention that she suffers from a disability. Because Plaintiff cannot meet the threshold requirement of the act, Defendant's summary judgment motion must be granted.

In any event, even if Plaintiff could convince the Court that her condition met the legal definition of disability, Plaintiff is unable to establish that her requested accommodation was reasonable. Plaintiff's requested accommodation was that she not work the midnight shift. A reassignment is considered a reasonable accommodation under the RA when an employee "becomes

unable to perform the essential functions of his or her position." 29 C.F.R.§ 1614.203(g). "However, an employer is not required to provide an aggravation-free or stress-free environment, or to reassign an employee away from any supervisor or coworker who may cause stress or conflict." Newby v. Whitman, 340 F. Supp. 2d 637, 657 (M.D.N.C. 2004) (citations omitted).

The evidence in the record reveals that Plaintiff was having trouble on the job irrespective of her difficulties sleeping. Moreover, Plaintiff's job was a supervisor at a dormitory at the Job Corps. By its very nature the job requires evening work: the students are rarely at the dormitory during the day. The essential functions of the dormitory supervisor position was to work evenings and weekends when the students were in the dormitory. It would have been impossible to meet Plaintiff's request, and at the same time, for her to satisfy the responsibilities of the position. Accordingly, Plaintiff's requested accommodation was unreasonable and Defendant did not violate the Rehabilitation Act by not granting her request to work the day shift.

B.   Retaliation

Plaintiff alleges that as a result of her requests to work during the daytime, Defendant's actions constitute retaliation in violation of the RA. "Adverse employment action includes any retaliatory act or harassment if, but only if, that act or harassment results in an adverse effect on the terms, conditions, or benefits of employment." Von Gunten v. Maryland, 243 F.3d 858, 866 (4th Cir. 2001) (citation and quotations omitted).

After considering the record in this case, the Court finds that there is no evidence to support Plaintiff's claims of retaliation. The evidence reveals that Plaintiff submitted doctors' excuses requesting that she not work the night shift which Defendant attempted to accommodate. In addition, there is no evidence in the record that Plaintiff was subject to any adverse effect on the

terms, conditions, or benefits of her employment as a result of her medical condition, her request to work the day shift, or her leaving her employment at the Job Corps. The Court therefore concludes that Plaintiff cannot meet her burden and show that there is a genuine issue of material fact that Defendant's actions constituted retaliation in violation of the Rehabilitation Act. Thus, Defendant's motion for summary judgment must be granted.

## IV. Decision

It is therefore **ORDERED** that:

1. Defendant's motion for summary judgment (**Docket number 22**) be and is hereby **GRANTED**;

2. All remaining pending motions (**Docket numbers 28, 35, and 36**) be and are hereby **DENIED AS MOOT**;

3. The **Trial Dates** of **June 1 and 2, 2005** be and are hereby **VACATED**;

4. This matter be and is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit true copies of this Order to plaintiff and all counsel of record herein.

**DATED** this **24th** day of May 2005.



W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE